United States District Court
District of Massachusetts

```
_____
                              )
In re:                        )
                              )    MDL No.
CELEXA AND LEXAPRO MARKETING AND )  09-02067-NMG
SALES PRACTICES LITIGATION    )
_____)
```

MEMORANDUM & ORDER

**GORTON, J.**

Plaintiffs Scott A. Wilcox ("Wilcox"), Jaeckel et al. ("Jaeckel") and Palumbo et al. ("Palumbo") bring suit against Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc. ("Forest"). The cases have been consolidated into a multi-district litigation and assigned to this Session of this District Court for pre-trial motion practice and discovery.

On November 10, 2010, the Court dismissed Wilcox's First Amended Complaint without prejudice for failure to plead facts demonstrating that his claims were not barred by the statute of limitations. Wilcox has since filed a Second Amended Complaint ("the SAC"). Before the Court is Forest's motion to dismiss the SAC as time-barred which Wilcox opposes.

## I. Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of

a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not, however, applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

## II. Analysis

In its November, 2010 M&O, the Court dismissed the Wilcox complaint without prejudice, stating that, in order for him to

state a viable amended claim, he would have to allege that

> he reasonably did not discover Forest's misrepresentations until after December 23, 2006 with respect to the FAL [False Advertising Law] claim and December 23, 2005 with respect to the UCL [Unfair Competition Law] claim.

Wilcox has subsequently alleged in his SAC that:

> Plaintiff was unaware of Defendants' conduct, and did not know about any of Defendants' activities in disseminating fraudulent, unlawful, false and misleading information about the allegedly beneficial properties of citalopram for pediatric patients until reading an article appearing in The New York Times on or about February 25, 2009[.]

Forest has responded with a motion to dismiss in which it argues that 1) Wilcox does not allege that he <u>reasonably</u> did not discover the alleged misrepresentations until February, 2009 and 2) Wilcox reasonably should have discovered the alleged misrepresentations in or before February, 2005 by virtue of:

a) the 2004 New York Times article,

b) the 2004 Forest press release,

c) the package insert accompanying Celexa starting in February, 2005, which warned that the data from two placebo-controlled trials were not sufficient to support a claim for use in pediatric patients, and

d) the black box warning added to the package insert in February, 2005, alerting physicians to the potential for increased risk of suicidality in children and adolescents taking Celexa.

Wilcox opposes the motion to dismiss on the grounds that his

delayed discovery of Forest's alleged misconduct was reasonable because 1) Wilcox did not suffer physical injury that would have triggered inquiry notice of the alleged misconduct, 2) he relied on his son's physician for information about Celexa and 3) there was no other factual information known to him that would trigger a duty to investigate the facts underlying his allegations. Wilcox also requests leave to amend further should the Court require additional allegations.

As stated in this Court's November, 2010 M&O, pursuant to the discovery rule, the plaintiff has the burden of pleading and proving that he reasonably did not discover the alleged misconduct until sometime within the statute of limitations period. Hobart v. Hobart Estate Co., 159 P.2d 958, 972 (Cal. 1945). In a fraud case, the plaintiff is not expected to investigate any possible misconduct until he has "knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud". Id. Once that duty to inquire is triggered, plaintiffs have a duty "to exercise diligence to discover the facts". Casualty Ins. Co. v. Rees Inv. Co., 92 Cal. Rptr. 857, 859 (Cal. Ct. App. 1971). Determining the moment at which the running of the limitations period commences under the discovery rule (when the plaintiff reasonably should have discovered the alleged misconduct) is normally a question for the trier of fact. Romano v. Rockwell Int'l, 926 P.2d 1114, 1118 (Cal. 1996). It

may be resolved by the Court, however, if the parties do not dispute the facts and only one conclusion may be drawn from them. Id.

Arguably, Wilcox was on inquiry notice before December, 2005, because at the time, the Celexa package insert alerted consumers about the conflicting research with respect to the use of Celexa by children and adolescents. Thus, Wilcox may have a difficult time persuading a jury that he reasonably could not have discovered the facts before December, 2005. There is room for debate, however, given that Wilcox's son had been taking Celexa for 19 months when the package insert was added and, as a practical matter, may not have read the label thereafter. Thus, although the parties do not dispute the facts, more than one conclusion can be drawn from them and the question is one of fact for the jury.

In any event, the only question before this Court in considering this motion to dismiss is whether, taking all the facts alleged in the SAC as true, the plaintiff has pled facts sufficient to support a finding that he reasonably discovered the alleged misrepresentations less than three years (for the FAL claim) and four years (for the UCL claim) before he filed his complaint. The defendant proclaims that the plaintiff's SAC is deficient because Wilcox fails to plead that he <u>reasonably</u> did not discover the alleged misconduct before 2009. The Court

concludes, however, that the plaintiff need not explicitly plead that the discovery was reasonable or argue as such in the complaint. Such a strict requirement would result in the dismissal of many otherwise well-pled and viable complaints. Because Wilcox has pled sufficient facts to support a finding that his claim is not time-barred, the defendant's motion to dismiss will be denied. At this stage of the litigation, the Court declines to surmise whether Wilcox should have discovered the alleged misconduct earlier.

## ORDER

In accordance with the foregoing, the defendants' motion to dismiss the second amended Wilcox class action complaint (Docket No. 66) is **DENIED**.

**So ordered.**

<pre>
                                /s/ Nathaniel M. Gorton
                                Nathaniel M. Gorton
                                United States District Judge
</pre>

Dated January 11, 2011